No. 2364.—ANNIE DOLL RICE *v.* HENRY RICE, her Husband.

In a suit by the wife for a separation from bed and board, coupled with a demand for a moneyed judgment, founded on the allegation that the husband had received and converted to his own use certain funds which she had inherited from the estate of her father and mother, the marriage contract showed that from the date of the marriage the wife retained the administration of her separate estate, and the evidence showed that the funds derived from the succession of her father and mother had been invested in certain property in her name and for her benefit. Held—That under this state of facts, she was not entitled to a moneyed judgment against her husband for moneys alleged to have been received by him.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee,* J. *Cotton & Levy,* for plaintiff and appellant. *A. Cazabat,* for defendant and appellee.

WYLY, J. The plaintiff sues for separation from bed and board, and for judgment against her husband for $25,000, for paraphernal funds which she inherited from the successions of her father and mother, and which sum of money she alleges has been used and appropriated by the said husband.

The court gave judgment for separation from bed and board, but rejected her demand for a money judgment, on the ground that by the marriage contract there was no community of acquets and gains, that she retained the administration of her separate property, and that the funds derived from the successions of her father and mother were ap-

plied to the purchase and improvement of certain property, in the name and for the benefit of the plaintiff, and that the defendant never used or appropriated her said funds as alleged. From this judgment the plaintiff appeals.

The grounds stated by the court for rejecting the money demand is sustained by the evidence, and there is no controversy as to the correctness of the judgment of separation from bed and board.

It is therefore ordered that the judgment appealed from be affirmed with costs.